**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL FILE NO. 1:16-cv-00171-MR
CRIMINAL FILE NO. 1:05-cr-00004-MR-1**

| | |
|---|---|
| DANIEL DOUGLAS WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 4].[1] According to the government's motion, defense counsel has consented to its request. [Id.].

Petitioner was found guilty by a jury of kidnapping and aiding and abetting the same (18 U.S.C. §§ 1201(a) and 2), using a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). [CR Doc. 46]. The

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-000171-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:05-cr-00004-MR-1.

Court sentenced Petitioner to a total term of imprisonment of 244 months. [Id. at 2].

On June 16, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his motion, Petitioner contends that his kidnapping offense no longer qualifies as a "crime of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Consequently, Petitioner asserts that his kidnaping offense cannot support his § 924(c) conviction and such conviction must be vacated. [Id.].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance. The government notes that pending in the Fourth Circuit are the cases of United States v. Ali, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session) and United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The appellants in Ali and Simms both contend that Johnson renders the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. The Government asserts that if the Fourth Circuit so determines, it may in turn conclude that the kidnapping offense upon which Petitioner's § 924(c) conviction rested can no longer be considered a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) and thus his conviction is void.

Based upon the foregoing reasons, and with Petitioner's consent, the Court concludes that the government's motion should be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 4], is hereby **GRANTED** and this matter is hereby held in abeyance pending further orders of this Court. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the <u>Ali</u> and <u>Simms</u> cases within seven days after each such matter is decided.

**IT IS SO ORDERED.**   Signed: August 8, 2016

Martin Reidinger
United States District Judge