IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00171-MR
(CRIMINAL CASE NO. 1:05-cr-00004-MR-DLH-1)

| | |
|---|---|
| DANIEL DOUGLAS WHITE,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Response to Petitioner's Motion to Vacate [CV Doc. 10]. The Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

I. **BACKGROUND**

On January 26, 2005, Petitioner Daniel Douglas White ("Petitioner") was charged in a Bill of Indictment with one count of federal kidnapping in

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00171-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:05-cr-00004-MR-DLH-1.

violation of 18 U.S.C. §§ 1201(a) and 2 ("Count One"), and one count of using a firearm in furtherance of a crime of violence, namely kidnapping, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Two"). [CR Doc. 8: Indictment]. On February 8, 2005, Petitioner was charged in a Superseding Indictment, which retained Counts One and Two from the original Indictment and charged Petitioner with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). [CR Doc. 14: Superseding Indictment]. The Petitioner faced a maximum term of life imprisonment for Count One, see 18 U.S.C. §§ 1201(a) & 2; a mandatory consecutive sentence of not less than 7 years to life for Count Two, see 18 U.S.C. § 924(c)(1)(A)(ii); and not more than 10 years for Count Three, see 18 U.S.C. § 922(g).

On March 1, 2005, Petitioner pleaded guilty to Count One. [CR Doc. 28: Entry and Acceptance of Guilty Plea]. On March 8, 2005, after a jury trial on Counts Two and Three, Petitioner was found guilty as to both counts. [CR Doc. 33: Jury Verdict]. In preparation for sentencing, a probation officer prepared a Presentence Report (PSR). In the PSR, the probation officer noted the mandatory seven years to life consecutive sentence for Petitioner's § 924(c) conviction. [CR Doc. 56 at ¶ 79]. As for Counts One and Three, the probation officer found the Total Offense Level to be 34 and the Criminal

History Category to be I, yielding a Guideline Range calling for a term of imprisonment between 151 and 188 months, consecutive to the sentence on Count Two. [CR Doc. 56 at 10-11, 15].

The Petitioner's sentencing hearing was held on November 10, 2005, before the Honorable Lacy H. Thornburg, United States District Judge.[2] At the hearing, the Court adopted the probation officer's findings, without objection, and sentenced Petitioner to a term of imprisonment of 160 months on Count One, a term of 120 months on Count Three to be served concurrently with Count One, and 84 months on Count Two, to be served consecutively to the term imposed in Counts One and Two, for a total term of 244 months' imprisonment. [CR Doc. 46: Judgment]. The Petitioner did not appeal.

On June 16, 2016, the Petitioner filed the present motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015) [CV Doc. 1]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, or United States v. Simms, No. 15-4640. [CV Doc. 5]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme

---

[2] Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

Court's decision in United States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. [CV Doc. 8]. The Supreme Court decided Davis on June 24, 2019. The next day this Court lifted the stay and ordered the Government to respond to the Petitioner's motion by August 23, 2019. Petitioner subsequently filed a supplemental memorandum in support of his Section 2255 motion. [CV Doc. 9]. The Government timely filed its response, agreeing that this Court should grant Petitioner's Section 2255 motion, vacate his conviction under 18 U.S.C. § 924(c), and resentence him on the remaining counts. [CV Doc. 10].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In <u>Johnson</u>, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. <u>Johnson</u>, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under <u>Johnson</u>, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that <u>Johnson</u> applies retroactively to claims asserted on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016).

Here, in his original Section 2255 Motion to Vacate, the Petitioner argues his § 924(c) conviction is invalid under <u>Johnson</u>. [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against

5

the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, the predicate conviction in Petitioner's criminal proceedings, federal kidnapping, can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 3-4]. Three years after the Petitioner filed his original Section 2255 motion, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, the Court need not extrapolate from Johnson in order to hold that Petitioner's conviction on Count Two is valid only if federal kidnapping qualifies as a "crime of violence" under § 924(c)'s force clause. The Supreme Court's decision in Davis directly yields this result. The instant case, therefore, turns on whether federal kidnapping qualifies as a crime of violence under § 924(c)'s force clause. The Fourth Circuit squarely addressed this issue, United States v. Walker, --- F.3d ---, No. 15-4301, 2019 WL 3756052 (4th

Cir. Aug. 9, 2019), concluding that federal kidnapping, 18 U.S.C. § 1202(a), "clearly does not categorically qualify as a crime of violence under the force clause." 2019 WL 3756052 at *3.

As such, Petitioner's conviction under 18 U.S.C. § 924(c) is no longer valid and the Court must vacate it under Section 2255. The Court, therefore, will order that Petitioner be resentenced on the two remaining counts of his conviction. United States v. Smith, 115 F.3d 241, 248 (4th Cir. 1997).

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) for the use of a firearm in furtherance of a crime of violence is unconstitutional, the Court will grant Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1]. The Court will further order that Petitioner's conviction under § 924(c) be vacated and that Petitioner be resentenced in accordance with this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **GRANTED** and Petitioner's conviction under § 924(c) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Petitioner shall be resentenced on the remaining counts on which he was convicted. The Clerk of Court is

respectfully instructed to schedule a hearing for Petitioner's resentencing.

**IT IS FURTHER ORDERED** that the Clerk of Court provide copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: September 6, 2019

Martin Reidinger
United States District Judge